# EXHIBIT A

EXHIBIT A

1  David A. Akintimoye SBN 225110
2  Law office of David Akintimoye
   23962 Alessandro Blvd. Suite P
3  Moreno Valley CA 92553
   Tel: 951-656-5777 Fax:951-656-2999
4  Email: daa225110@gmail.com
   Attorney for Plaintiff Daniel Akintimoye
5

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

**SEP 1 5 2023**

BY: _Ariel Barajas_ Deputy

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **FOR THE COUNTY OF SAN BERNARDINO**

9

10

11
| | |
|---|---|
| DANIEL AKINTIMOYE, an individual | CASE NO: **CIV SB 2 3 2 2 6 5 9** |
| PLAINTIFF | UNLIMITED CIVIL CASE |
| V. | DEMAND FOR A JURY TRIAL |
| CITY OF SAN BERNARDINO, DOES 1 TO 10, | COMPLAINT FOR DAMAGES FOR (1) VIOLATION OF FEDERAL CIVIL RIGHTS AGAINST OFFICERS BRIGHT AND TREJO IN THEIR INDIVIDUAL CAPACITIES UNDER 42 USC 1983. (2) UNREASONABLE SEARCH OR SEIZURE OF THE PLAINTIFF WITHOUT A WARRANT UNDER 42 USC 1983. (3). VIOLATION OF THE BANE ACT UNDER CIVIL CODE SECTION 52., (4) FOR UNLAWFUL DETENTION (NO ARREST INVOLVED (5) BATTERY (6) ASSAULT. (7) NTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, |
| DEFENDANTS | |

23  Plaintiff Daniel Akintimoye complains and for causes of action alleges as follows:

24   1.  This action results from the unlawful detention, search, embarrassment, humiliation of
25      the person and the unlawful search of the vehicle of the plaintiff by two female police
26      officers near Baseline Street, in the City of San Bernardino.

     2.  Plaintiff is a Black young man in his early 20s. residing in the Riverside County at all
27

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
1



EXHIBIT A

times relevant to this action. He is also a student at California State University at San
Bernardino (CSUSB).

3. Based upon information and belief, defendant City of San Bernardino is the employer of
two female police officers called officer Bright and Trejo at all material times. They
were acting within the scope of their employment or agency at all material times relevant
to this action.

4. The true names of defendants DOES 1 through 10, inclusive, are unknown to plaintiff at
this time. Plaintiff sues those defendants by such fictitious names pursuant to section 474
of the Code of Civil Procedure. Plaintiff is informed and believes, and based on that
information and belief alleges, that each of the defendants designated as a DOE is legally
responsible for the events and happenings referred to in this complaint, and unlawfully
caused the injuries and damages to plaintiff alleged in this complaint.

5. Plaintiff is informed and believes, and based on that information and belief alleges, that
at all times mentioned in this complaint, defendants were the agents and employees of
their co-defendants and in doing the things alleged in this complaint were acting within
the course and scope of such agency and employment.

6. On or about October 13, 2022, and based upon information and belief, Officers Bright
(badge #1209) and Trejo (badge #51197) believed to be police officers, pulled over
Plaintiff while driving his parent's Black Toyota Venza. He was told to put his hands on
the steering wheel and turn off the vehicle. He complied. He was told to turn off the
vehicle. He complied. He was told "don't reach'" even though he did not have any
weapon on him or in his vehicle or in his wallet or backpack. He was told to step out of
his vehicle. He complied. He was told to put his hands behind his back facing the car
police unit and he complied. He was then propped against the police car and his hands
were cuffed. He was then told to turn around (now facing the road and back to the street.

7. The two female officers surrounded him and told him "Don't reach" even though he was
already handcuffed. He was told to stretch out his legs. He complied. Then one officer
did a pat-down on him. She touched all over his body, his legs, his back and everywhere.
She moved him around a bit. The second officer took his wallet and searched it. She then
asked for his Identity card. He told her where to find it in his wallet. The officer found
his identity. One of them told him to sit down on the curb. He complied. He was then
told to cross his legs a certain way. He asked how to do that. He was informed that

he would be arrested and thrown behind the police vehicle if he did not comply. He explained that he did not know how to cross his legs. The officer explained to him. He them complied. One officer asked him if he had ever been arrested or if he was on probation or parole. He answered no. She asked him other questions. He answered all the questions. He did not give the officers permission to pull him over, to handcuff him, to order him to sit on the curb.

8. An officer searched his backpack. An officer searched his vehicle, a Toyota Venza belonging to his parents and that was entrusted to him to drive to his school and any other place. The vehicle was turned upside down during the search. The officers did not ask for his permission before searching the vehicle, his wallet or backpack.

9. While all this was going on, vehicles were passing by. The officers did not find anything on him or in his backpack or in his wallet or his vehicle. He was not given any traffic citation. They removed his handcuff and told him that he was free to go.

10. The conduct of the defendant was the actual and proximate cause of plaintiff's harm. Plaintiff has suffered significant harm including but not limited to physical pain, fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal and severe emotional distress.

11. The incident exacerbated plaintiff's pre-existing disease called urticaria. He suddenly had hives all over his body that lasted for a while. He had a burning sensation all over his body that lasted for a while.

12. Plaintiff has received therapeutic treatment as a result of the conduct of the defendants.

13. On February 10, 2023, Plaintiff filed a formal claim with the City of San Bernardino, using the City form. The city did not accept the claim within 45 days after it was filed.

FIRST CAUSE OF ACTION FOR VIOLATION OF FEDERAL CIVIL RIGHTS AGAINST OFFICERS BRIGHT AND TREJO IN THEIR INDIVIDUAL CAPACITIES UNDER 42 USC 1983.

14. Plaintiff realleges the averments of paragraphs 1 through 12 above and incorporate them by reference.

15. Plaintiff alleges that the two female police officers were acting or purporting to be acting in the performance of their official duties under City or County or State law when they wore police uniforms, drove in marked police vehicle behind the plaintiff, pulled him

over and deprived him of his constitutional rights as enumerated in the preceding averments.

16. Plaintiff alleges that the officers violated his federal constitutional rights under the 4th and 14th Amendments to the United States Constitution.

17. The officers' conduct violated the federal rights of the plaintiff to be free from unreasonable stop, search and seizure of his person and the vehicle he was driving.

18. The conduct of the named officers was a substantial factor in causing the plaintiff's harm.

WHEREFORE Plaintiff prays for judgment against individual defendants as set forth below:

SECOND CAUSE OF ACTION FOR UNREASONABLE SEARCH AND SEIZURE WITHOUT A WARRANT UNDER 42 USC 1983.

19. Plaintiff re-alleges the averments of paragraphs 1 through 12 above and incorporates them by reference.

20. Police Officers Bright and Trejo searched the person and the vehicle of the plaintiff.

21. The officers did not have a warrant when they did so in violation of the 4th and 14th Amendments to the United States Constitution.

22. The officers were acting or purporting to act in performance of their official duties. They were wearing police uniforms with their badges displayed on their chests when they pulled the plaintiff over.

23. Plaintiff was harmed and the seizure and search of the person and vehicle of the plaintiff was a substantial factor in causing plaintiff's harm.

WHEREFORE Plaintiff prays for judgment against the individual officers defendants as set forth below:

THIRD CAUSE OF ACTION FOR VIOLATION OF BANE ACT UNDER CIVIL CODE SECTION 52.1 AGAINST ALL DEFENDANTS

24. Plaintiff realleges paragraphs 1 through 12 above and incorporate them by reference.

25. Police officers Bright and Trejo intentionally interfered with plaintiff's civil rights by threats, intimidation and coercion.

26. By threats, intimidation or coercion, the names officers caused plaintiff to reasonably believe that if he exercised his constitutional rights by physically preventing the officers from handcuffing him, searching his person, the officers would commit violence against him and that the officers had the apparent ability to do so.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
4

**EXHIBIT A**

27. In the alternative, plaintiff alleges that by threat, intimidation or coercion, the named officers acted violently against plaintiff to prevent him from exercising his constitutional rights to drive a vehicle when he has not done any wrong.

28. The officers intended to deprive plaintiff of his enjoyment of the interests protected by his constitutional rights.

29. Plaintiff was harmed.

30. The conduct of the individual defendants was a substantial factor in causing plaintiff's harm.

WHEREFORE Plaintiff prays for judgment against these individual defendants as stated below.

FOURTH CAUSE OF ACTION FOR UNLAWFUL DETENTION (NO ARREST INVOLVED) AGAINST ALL DEFENDANTS

31. Plaintiff realleges the averments of paragraphs 1 through 12 above and incorporates them by reference.

32. Police Officers Bright and Trejo intentionally deprived Plaintiff of his freedom of movement by use of handcuff, threats, menace, or unreasonable duress.

33. The restraint/confinement/detention compelled plaintiff to sit on the curb in an inconvenient way for some appreciable time. He was also shackled throughout the time he was made to sit on a curb or floor.

34. Plaintiff did not consent.

35. Plaintiff was actually harmed; and

36. The police officers' conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE Plaintiff prays for judgment against the individual defendants as set forth below.

FIFTH CAUSE OF ACTION FOR BATTERY BY LAW ENFORCEMENT OFFICER (NONDEADLY FORCE) AGAINST ALL DEFENDANTS

37. Plaintiff re alleges paragraphs 1 to 12 above and incorporates them by reference.

38. Officers Bright and Trejo intentionally touched plaintiff and caused Plaintiff to be touched by searching his person and handcuffing him.

39. The officers used unreasonable force on the plaintiff.

40. Plaintiff did not consent to the use of that force.

41. Plaintiff was harmed and

42. The officers' use of unreasonable force was a substantial factor in causing plaintiff's harm.

WHEREFORE Plaintiff prays for judgment against the named officers as follows:

SIXTH CAUSE OF ACTION FOR ASSAULT AGAINST ALL DEFENDANTS.

43. Plaintiff realleges paragraphs 1 to 12 above and incorporates them by reference.

44. The named officers intended to cause harmful or offensive contact.

45. Plaintiff reasonably believed that he was about to be touched in a harmful [or an offensive manner [or

46. The officers threatened to touch plaintiff] in a harmful or an offensive manner.

47. That it reasonably appeared to plaintiff] that the officers were about to carry out the threat.

48. That plaintiff did not consent to Defendants' conduct.

49. 4. That plaintiff was harmed; and

50. 5. That defendants' conduct was a substantial factor in causing plaintiff's harm

WHEREFORE Plaintiffs prays for judgment against the named individual defendants as follows:

SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE NAMED INDIVIDUAL OFFICERS/DEFENDANTS:

51. Plaintiff realleges the averments of paragraphs 1 through 12 above and incorporate them by reference.

52. Plaintiff alleges that the conduct of the defendants was outrageous and offensive.

53. Defendants intend plaintiff to suffer severe emotional distress by their conduct. If defendants were not acting intentionally, they recklessly acted to cause plaintiff to suffer severe emotional distress.

54. Plaintiff suffered severe emotional distress and defendants are the actual or proximate cause of it.

WHEREFORE Plaintiffs prays for judgment against the named police officers on all and any causes of action as follows:

A. For compensatory damages in the sum of $75,000 (Seventy-Five Thousand Dollars)

B. For reasonable attorney fees

C. For costs of the action.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
6
**10**                                    **EXHIBIT A**

D. For punitive damages against all or any defendants according to proof on all causes of action except the six cause of action for breach of contract.

E. For any order or orders that the court may deem fit and proper.

Dated this September 15, 2023

David A. Akintimoye, Esq.

Attorney for plaintiff

Daniel Akintimoye

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
7

**11**

**EXHIBIT A**